RAWLS, Acting Chief Judge.
The sole point on appeal is whether the trial court erred in ordering Myrtis Murphy Simmons Hilburn to repay to her former husband, Theodore D. Simmons, the sum of $5,500.00 which she had received from him in permanent alimony subsequent to her alleged common law remarriage in 1965 to William Elbin Hilburn.
The facts are uncontroverted. On May 28, 1962, the Circuit Court of Escambia County granted a decree of divorce in favor of Myrtis from Theodore. That decree restored to Myrtis her maiden name of Myrtis Murphy and required Theodore to pay to *551 her monthly alimony in the sum of $50.00. Theodore made the permanent alimony payments until January, 1975, at which time he discovered that Myrtis had filed a petition for letters of administration of the estate of William Elbin Hilburn, claiming to be his widow. Upon discovering that Myrtis was asserting that she had married Hilburn in 1965, Theodore filed the instant petition seeking to modify the final decree of divorce by relieving him of any further responsibility to pay permanent alimony and further seeking restitution by Myrtis of all alimony payments received by her from the date of her alleged common law marriage.
In its judgment modifying the divorce decree, the trial court found that Myrtis did not advise Theodore that she had remarried; that the common law marriage was not a matter of record and that Myrtis had secreted the fact of said marriage; and that although a subsequent marriage does not automatically terminate alimony payment and ordinarily the divorced husband must apply to the court for a termination of said alimony payments, it is inequitable and unjust for a divorced wife for whom permanent alimony is declared not to advise her prior husband of her remarriage and to knowingly continue to receive said alimony subsequent to her remarriage. After reciting the foregoing material findings of fact, the trial court terminated any further alimony and entered judgment in favor of Theodore against Myrtis in the sum of $5,500.00.
A review of this record discloses without contradiction that Theodore had no reason to know of Myrtis’s remarriage, that he mailed the monthly alimony checks to her at their former marital home, and the checks were made payable to Myrtis Murphy (her maiden name) and she endorsed them in that name. Equity travels a two-way street. This record fully supports the trial court’s finding that Myrtis secreted the fact of her remarriage from Theodore. She is privileged to assert in the probate court her common law marriage to Hilburn in 1965; she is not privileged to concurrently assert her entitlement to a portion of the fruits of Theodore’s material goods during the same period of time. Material benefits from one husband during a specific time is enough. A claim of such benefits from two husbands is too much.
AFFIRMED.
SMITH, J., and WILLIS, BEN C., Associate Judge, concur.